J. William O'Brien Informal Opinion Corporation Counsel No. 2007-6 City of Elmira Department of Law City Hall 317 East Church Street Elmira, NY 14901
Dear Mr. O'Brien:
You have asked several questions concerning the City's authority to amend provisions of the Elmira City Charter that govern the Elmira Water Board. These provisions were enacted by the State Legislature in 1950. You ask whether the City has authority to pass a local law (1) eliminating the Water Board and transferring to the City government direct control of water matters or (2) providing that the commissioners of the Water Board, who are currently elected, be appointed by city officials. If the City has authority to enact these laws, you inquire whether such laws would be subject to mandatory referendum. You also ask whether the current provisions of the City Charter relating to oversight of the Water Board authorize the City Chamberlain to determine the surplus to be paid over to the City each year and, if not, whether the City may enact a local law so providing and whether such law would be subject to mandatory referendum. For the reasons that follow, we conclude that the City lacks authority to abolish the Water Board or to give the City power to appoint Water Board Commissioners, and that amendment of the City Charter by special act of the State Legislature would be required to accomplish either of these changes. We also conclude that the current provisions of the City Charter do not give the City Chamberlain authority to determine the annual amount of any surplus in Water Board funds, *Page 2 
and that the City is without authority to amend the Charter to grant the City Chamberlain such authority.
THE ELMIRA WATER BOARD
The Elmira Water Board was originally established pursuant to special act of the State Legislature in 1913 to operate a public water system for the City of Elmira. See Act of May 23, 1913, ch. 660, 1913 N.Y. Laws 1733. In 1950, the Legislature enacted a new enabling act for the Water Board, which is codified as Article X-A of the Elmira City Charter.See Act of Apr. 10, 1950, ch. 535, 1950 N.Y. Laws 1292. These charter provisions, as subsequently amended in part by local law, currently govern the administration and operation of the Water Board.[1]
Under these provisions, the Elmira Water Board has some attributes of an independent entity, while other characteristics create a close relationship between the Water Board and the Elmira city government. While the enabling act provides that the City's water department consists of the Water Board, it also denominates the Water Board as a "body corporate" with the power to sue and be sued. Elmira City Charter § 166-a. Further, the Water Board controls and operates the water system "for and in the name of the city of Elmira." Id. § 166-n. The Board is authorized to establish rules and regulations governing its administration and the operation of the water system, but the City may adopt ordinances to aid in enforcement of the Board's regulations.Id. § 166-i. Although the Board consists of five independently-elected commissioners, the commissioners file a bond to the City upon taking office and may be removed from office for cause by the City Council.Id. § 166-d. The Board has authority to appoint and remove its officers and employees, and to determine their salaries. Id. § 166-f(a),(b);id. § 166-n(aa),(j). The City Corporation Counsel serves as counsel to the Water Board, but may receive an additional salary for this position as determined by the Water Board. Id. § 166-f(h). Although the Water Board is authorized to acquire property, including through condemnation, it acquires property "in the name of the city." Id. § 166-n(d),(e).
The finances of the Water Board and the City are interconnected in a number of ways. The City financed the original purchase of the water works system through the issuance of city bonds, see Act of May 23, 1913, ch. 660, § 7;http://www.elmirawaterboard.org/charter.html (History of the *Page 3 
Water System), and under the current charter provisions the City is obligated to raise funds for capital improvements to the water system through taxes or the issuance of bonds, although the City Council must concur in the need to raise the additional money. Elmira City Charter § 166-t. The Water Board does not pay taxes on its property,id. § 166-u, and the City does not pay the Water Board for its water usage, id. § 166-o. The money the Water Board receives from the collection of water rates and penalties is managed by the Water Board treasurer and kept in a separate fund to be used for water board purposes — the operation and maintenance of the water system, the payment of principal and interest on the City's Water Board-related obligations, extensions and additions to the water system, and maintenance of a reserve fund. Id. § 166-r. The water rates set by the Water Board must be sufficient for these purposes, but may also include an amount equivalent to the taxes that the Water Board would otherwise be paying to the City on its property, and the Water Board may earn a fair return on the value of its property. Id. § 166-o. Upon a timely request by the City Council, any profits or surplus in Water Board funds may be used by the City for general municipal purposes. Id. § 166-o. Additionally, the City is statutorily obligated to provide for the payment of any Water Board deficiencies. Id. § 166-s.
Consistent with the financial interdependence between the Water Board and the City, the City Chamberlain is authorized to examine the books of the Water Board and annually verifies to the City Council the financial balances of the Water Board. Id. § 166-g. The Mayor and City Council are also authorized to inspect the books and accounts of the Water Board and the Board must submit an annual financial report to the Council.Id. § 166-n(h).
Recently, the Water Board denied a request from the City for surplus Water Board funds. Members of the City Council who question the Water Board's assessment of its financial condition have inquired whether the City may amend the relevant charter provisions to obtain greater control over the Water Board.
ANALYSIS
Your questions concern the authority of the City to adopt local laws amending the state-enacted provisions of the City Charter governing the Elmira Water Board. It is well-settled that a city has authority to amend its charter by local law. Municipal Home Rule Law §10(1)(ii)(c)(1) (authorizing cities to amend their charter by local law pursuant to authority of the Municipal Home Rule Law). We have applied this rule to include those charter provisions that were originally enacted by the
[1] None of the charter provisions at issue have been amended in relevant part by local law. *Page 1